NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1423

COMMONWEALTH

vs.

CHAD J. LEBLANC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Convicted by a District Court jury of larceny of property valued at more than $1,200, G. L. c. 266, § 30 (1), the defendant appeals from his conviction and from the denial of his motion for a new trial.  On appeal, he argues that his trial lawyer was ineffective for not objecting when (1) witnesses testified describing video footage that was not introduced at trial, (2) the prosecutor called a witness added to the witness list on the morning of trial, and (3) a police detective identified the defendant as the person arrested, although a different officer arrested him.  We affirm.

Background.  On the afternoon of January 15, 2022, at a Walmart in Lynn, a display case in the jewelry department was

broken into, jewelry was taken from it, and a hammer and crowbar from the hardware department were left under it. Surveillance video of the store interior depicted a white man wearing a mask, a gray hooded sweatshirt, dark pants, and white sneakers breaking into the jewelry display case with the hammer and crowbar. A video of the parking lot was not admitted in evidence, but loss prevention officer Enoc Pierresin testified that it depicted the man getting into a gray Chevrolet Malibu; a police detective could not recall if that video depicted the man walking to the Malibu. From that video, a still image of the Malibu and its license plate was admitted in evidence. The detective determined that the Malibu was registered to the defendant.

The next evening, January 16, 2022, surveillance video inside the same Walmart recorded a white man breaking into another display case in the jewelry department. The man was wearing a red mask with a Door Dash logo, a gray jacket, and blue jeans. He opened a jewelry case, took items valued at $3,181, and left the store. Loss prevention officer Luis Rivera-Toucet testified that surveillance video of the parking lot depicted the man getting into the Malibu. Once again, the parking lot video was not admitted in evidence, but only a still image of the Malibu and its license plate.

2

Police obtained a warrant for the defendant's arrest. On January 28, 2022, about one-half mile from the Walmart, police stopped the Malibu and arrested the defendant.

In closing, defense counsel conceded that the defendant's Malibu was in the Walmart parking lot on January 15 and 16, 2022, but argued that the Commonwealth had not proven that the defendant was in it, because someone could have borrowed his car, the still images taken from the parking lot videos were not clear, and no witness identified him at trial as the person on the videos. The prosecutor argued that the jury should compare images of the man inside the store to the defendant's Registry of Motor Vehicles photograph and his appearance in the courtroom. The jury convicted the defendant of the January 16 larceny and acquitted him of the January 15 larceny, and the defendant filed a timely notice of appeal.

Represented by new counsel, the defendant filed a motion for a new trial, arguing that trial counsel was ineffective for not seeking to exclude the testimony of Pierresin and Rivera-Toucet that the parking lot videos depicted the man who had been in the jewelry department getting into the Malibu. The defendant pointed out that police body camera footage provided to the defense in pretrial discovery showed that when a Walmart employee had offered to give police the parking lot videos, a

3

detective replied that police needed only still images from each date showing the Malibu's license plate.

The same judge who had presided over the trial held an evidentiary hearing at which trial counsel testified. However, trial counsel did not remember much about the trial nearly two years before, including whether he had reviewed the body camera videos, and the defendant's new counsel did not attempt to refresh his memory with trial transcripts or exhibits. The judge denied the motion for a new trial, ruling that the defendant had not shown ineffective assistance under the test set forth in Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). The defendant appeals.

Discussion. 1. Motion for a new trial. "A motion for new trial may be granted only 'if it appears that justice may not have been done.'" Commonwealth v. Gil, 104 Mass. App. Ct. 124, 135 (2024), quoting Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2021). "[We] review the denial of a motion for a new trial for a significant error of law or other abuse of discretion" (quotation and citation omitted). Commonwealth v. Erler, 106 Mass. App. Ct. 149, 151 (2025). "Reversal for abuse of discretion is particularly rare where, [as here], the judge acting on the motion was also the trial judge" (citation omitted). Gil, supra. "To prevail on a claim of ineffective

4

assistance of counsel, the defendant must show that the behavior of counsel fell measurably below that of an ordinary fallible lawyer and that such failing likely deprived the defendant of an otherwise available, substantial ground of defence" (quotations and citations omitted). Commonwealth v. Gardner, 102 Mass. App. Ct. 299, 308 (2023). See Saferian, 366 Mass. at 96.

2. Best evidence rule. The defendant contends that his lawyer was ineffective for failing to object to the testimony of Pierresin and Rivera-Toucet that the parking lot videos depicted the man who had been in the jewelry department walking to the Malibu. He argues that admission of that testimony without the parking lot videos violated the best evidence rule, and absent that testimony the Commonwealth could not have proven that the defendant was the person who stole the jewelry on January 16.

As for the first Saferian prong, it is not at all clear that an ordinary fallible lawyer would have objected to the testimony of Pierresin and Rivera-Toucet on best evidence grounds. "The best evidence rule provides that, where the contents of a document are to be proved, the party must either produce the original or show a sufficient excuse for its nonproduction." Commonwealth v. Ocasio, 434 Mass. 1, 6 (2001). See Mass. G. Evid. § 1002 (2025). A sufficient excuse for nonproduction may arise when evidence "is lost or destroyed, and

5

not by the proponent acting in bad faith" (citation omitted). Commonwealth v. Connolly, 91 Mass. App. Ct. 580, 585 (2017). As applied to electronic records such as videos, "[t]he best evidence rule does not forbid the use of 'copies' of electronic records . . . because there is no 'original' in the traditional sense." Commonwealth v. Salyer, 84 Mass. App. Ct. 346, 356 n.10 (2013). See Commonwealth v. Leneski, 66 Mass. App. Ct. 291, 294 (2006) (best evidence rule inapplicable to images stored on computer hard drive and then transferred to compact disk). "However, oral testimony designed to prove the contents of an electronic record is barred for the same reasons as those underlying the best evidence rule." Salyer, supra.

Because the defendant did not question trial counsel at the evidentiary hearing about why he did not object at trial on best evidence grounds, the record before us does not establish that trial counsel's decision fell below the standard of an ordinary fallible lawyer. The record contains no information about whether the parking lot videos still existed at the time of trial, which took place about six months after the thefts. Nor is there information about whether the police acted in bad faith by not obtaining the parking lot videos. For the purposes of our analysis, we assume that the testimony of Pierresin and Rivera-Toucet describing the contents of the parking lot videos

6

should have been "barred for the same reasons as those underlying the best evidence rule," Salyer, 84 Mass. App. Ct. at 356 n.10.

As to the second Saferian prong, whether the defendant has shown prejudice, we conclude that he has not. After trial counsel refrained from objecting to Pierresin's testimony that the January 15 parking lot video depicted the man who had been in the jewelry department getting into the Malibu, counsel elicited from a police detective that he could not recall if that video depicted the man walking across the parking lot to the Malibu, and "I don't believe that [it] did." In closing, trial counsel capitalized on that discrepancy, arguing that the Commonwealth's case amounted to "just I saw a guy get into a car that happened to be going around the jewelry area." Trial counsel also pointed out that Pierresin claimed that the January 15 parking lot video was "crystal clear," but the Commonwealth only provided the jury with "photographs that looked just like this," displaying the blurry still images taken from the videos. The jury acquitted the defendant of the January 15 theft. Thus, trial counsel's strategy succeeded as to the January 15 charge; that it was unsuccessful as to the January 16 one "does not make it manifestly unreasonable." Gil, 104 Mass. App. Ct. at 136.

As to the best evidence issue, we discern no abuse of discretion in the trial judge's denial of the motion for a new trial.

3. Late-disclosed witness. The defendant argues that trial counsel was ineffective for not precluding the testimony of Rivera-Toucet, because the Commonwealth's witness list originally stated that a different Walmart employee, Lisa Martin, would testify, and his testimony went beyond that of a keeper of records.

On the morning of trial, the prosecutor informed the judge and defense counsel that Martin would not be available until that afternoon and Rivera-Toucet would testify instead; his name was handwritten on the witness list. Defense counsel objected. The prosecutor represented that Rivera-Toucet would "essentially . . . just be testifying as a keeper of the records" to authenticate the January 16 surveillance video, and he had reviewed it and was present when Martin downloaded it. The judge ruled to permit Rivera-Toucet to testify based on his personal knowledge, and if trial counsel had any "objection in regards to the hearsay . . . the Court would rule." See Commonwealth v. Carter, 475 Mass. 512, 519 (2016) ("A judge has significant discretion in deciding whether late-discovered or late-disclosed witnesses should be excluded from testifying as a

8

remedy for the late disclosure" [quotation and citation omitted]).[1]

As mentioned, Rivera-Toucet testified, without objection, that the January 16 parking lot video depicted the man who had been in the jewelry department getting into the Malibu. In his motion for a new trial, the defendant argued that trial counsel was ineffective for not objecting to that testimony on the ground that it went beyond that of a keeper of the records. We are not persuaded that trial counsel's failure to object was conduct below that of an ordinary fallible lawyer. At the evidentiary hearing on the motion for a new trial, the defendant did not ask trial counsel whether he considered objecting to Rivera-Toucet's testimony on the ground that it went beyond that of a keeper of the records, or show counsel the pages of the trial transcript pertaining to the issue.

As discussed above, even assuming that Rivera-Toucet's testimony describing the January 16 parking lot video was objectionable, the defendant has not shown prejudice. Trial counsel made the absence of the parking lot videos a key part of the defense theory. In those circumstances, we discern no abuse

---

[1] We note that the prosecutor had represented that Martin "may end up being available at 2 P.M." Rivera-Toucet's testimony began at about 2:45 P.M., but there was no further discussion of Martin's availability.

9

of discretion in the trial judge's denial of the motion for a new trial on this ground.

4. <u>Police testimony identifying defendant as person arrested</u>. Finally, the defendant argues that his trial lawyer was ineffective for failing to object to the testimony of Detective Ralph Sirois about the defendant's arrest, when in fact a different officer had stopped the Malibu and arrested the defendant. As a result, the defendant argued, Sirois's identifying the defendant as the person arrested was hearsay in violation of the right to confrontation under the Sixth Amendment to the United States Constitution.

On trial counsel's objection, the judge ruled to preclude Detective Sirois from testifying about sneakers seized pursuant to a search warrant, because of the Commonwealth's late disclosure of that evidence. During that discussion, trial counsel told the judge that Detective Sirois "may testify that he arrested [the defendant], which is fine. I don't have a problem with that, I don't find that prejudicial anyways because he was arrested. That's a fact."

Detective Sirois testified that "[a] motor vehicle stop was [e]ffected on that car by Officer Edos of the traffic unit, and subsequently the operator was identified as [the defendant]." Detective Sirois then identified the defendant in court as the

person he saw in custody.  The defendant argues that the testimony was inadmissible hearsay because Detective Sirois did not actually arrest the defendant, but only saw him after he was taken into custody.

In Commonwealth v. Crayton, 470 Mass. 228, 242 (2014), the court held that an in-court identification might be permitted "where the witness is an arresting officer who was also an eyewitness to the commission of the crime, and the identification merely confirms that the defendant is the person who was arrested for the charged crime."  However, "[a]n officer who did not participate in the arrest of a defendant cannot make such an assertion."  Commonwealth v. Ortiz, 487 Mass. 602, 609 (2021).  We need not resolve the question whether Detective Sirois's seeing the defendant after he was taken into custody amounted to participating in his arrest, thus permitting an in-court identification, because we conclude that the defendant was not prejudiced.

Instead of objecting to Detective Sirois's testimony about the defendant's arrest, trial counsel elicited on cross-examination that no stolen jewelry was found in the Malibu or on the defendant's person.  And the fact that, twelve days after January 16, the defendant was driving the Malibu that was registered to him was not particularly prejudicial.  In those

11

circumstances, we see no abuse of discretion in the trial judge's determination that trial counsel's handling of Detective Sirois's testimony did not amount to ineffective assistance.

Judgment affirmed.

Order denying motion for a
 new trial affirmed.

By the Court (Blake, C.J.,
 Neyman & Grant, JJ.[2]),

Clerk

Entered:   January 16, 2026.

---

[2] The panelists are listed in order of seniority.